Citation Nr: 1610616 
Decision Date: 03/16/16 Archive Date: 03/23/16

DOCKET NO. 10-01 113 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to a rating in excess of 30 percent for service-connected depression prior to August 20, 2013.

2. Entitlement to a rating in excess of 50 percent for service-connected depression on or after August 20, 2013.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. Heneks, Senior Counsel



INTRODUCTION

The Veteran served on active duty from December 1978 to June 1995.

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a February 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). An August 2013 rating decision granted a 50 percent rating effective August 20, 2013.

This matter was remanded by the Board in July 2013 for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In July 2013, the Board remanded the claim to obtain current VA treatment records and to afford the Veteran a current VA examination. VA treatment records dated through August 2013 have been associated with the claims file.

The Veteran was afforded a VA examination in August 2013. However, the Board concludes that this examination is inadequate as it does not thoroughly address the current severity of the Veteran's service-connected depression. In this regard, it does not appear that the examiner elicited the Veteran's current symptoms associated with his depression; rather, the examination report reflects a conclusion without adequate support that the Veteran's depression was productive of occupational and social impairment with reduced reliability and productivity. As the examination is inadequate, a remand is necessary. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); Stegall v. West, 11 Vet. App. 268 (1998).



 (CONTINUED ON NEXT PAGE)
Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file all relevant VA treatment records dated from August 2013 to the present.

2. Thereafter, the Veteran should be afforded a VA examination to ascertain the severity and manifestations of his service-connected depression. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file and to comment on the severity of the Veteran's service-connected depression. The examiner should report all signs and symptoms necessary for rating the Veteran's depression under the applicable rating criteria, 38 C.F.R. § 4.130. The examiner should also comment as to the impact of the Veteran's depression on his daily activities and his ability to maintain employment. 

3. After the development requested above has been completed to the extent possible, the RO should again review the record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).





 (CONTINUED ON NEXT PAGE)


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
C. CRAWFORD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).